UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D.B.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br><br>    Defendant. | Case No. 24-cv-00295-PHK<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH COURT ORDERS** |

**RELEVANT BACKGROUND**

On January 18, 2024, *pro se* Plaintiff D.B. ("Plaintiff") filed a complaint seeking judicial review of a final decision by the Commissioner of the Social Security Administration, Defendant Martin O'Malley ("Commissioner"), denying Plaintiff's application for supplemental security income. [Dkt. 1]. The Parties thereafter consented to proceed before a Magistrate Judge for all purposes, including entry of a final judgment under 28 U.S.C. § 636(c). [Dkt. 8; Dkt. 14].

On February 21, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*, and on February 27, 2024, the Court completed the mandatory screening of Plaintiff's complaint, in accordance with 28 U.S.C. § 1915. [Dkts. 5-6]. On March 25, 2024, the Commissioner filed the Administrative Record, in accordance with Rule 4 of the Supplemental Rules for Social Security Actions. [Dkt. 10]. By operation of the procedural rules, Plaintiff's brief for the requested relief was due thirty days thereafter. *See* Dkt. 3.

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the first name and initial of last name (or just the initials) of the plaintiff in the Court's public Orders out of an abundance of caution and out of regard for any privacy concerns on plaintiff's behalf.

On April 19, 2024, Plaintiff filed a motion requesting an additional four months to file an opening brief so that she could find an attorney to represent her in this action. [Dkt. 15]. The Court granted the request and ordered Plaintiff to file an opening brief by August 22, 2024. [Dkt. 16]. On August 21, 2024, Plaintiff filed her second motion for extension of time, in which she requested an additional three months to file an opening brief so that she could find an attorney. [Dkt. 17]. The Commissioner did not oppose that motion. [Dkt. 19]. The Court granted the second request and ordered Plaintiff to file an opening brief by November 20, 2024. [Dkt. 20].

The November 20, 2024 deadline came and went, without any filings by Plaintiff. Plaintiff neither filed an opening brief nor requested a further extension of time to do so, and indeed as of the date of this Order, Plaintiff has not filed anything since the August 21, 2024 second request for an extension of time. After one month had passed from the November 20th deadline, on December 20, 2024, this Court issued an Order to Show Cause requiring Plaintiff to show cause as to why this case should not be dismissed without prejudice for failure to prosecute and failure to comply with court directives and orders. [Dkt. 21]. The Court expressly warned Plaintiff, in bold, that failure to respond to the Order to Show Cause "will result in negative consequences for Plaintiff, **including dismissal of this action**." *Id.* at 2. The Court ordered Plaintiff to file a written response to the Order to Show Cause, or alternatively, to file an opening brief in accordance with Supplemental Rule 6, by no later than January 13, 2025. *Id.*

Plaintiff did not respond in any manner to the Order to Show Cause by the January 13, 2025 deadline. Cognizant of Plaintiff's *pro se* status, on January 27, 2025, the Court issued a Final Notice regarding the December 20, 2024 Order to Show Cause, extending the deadline for Plaintiff to file a response to the Order to Show Cause to February 4, 2025. [Dkt. 22]. In that Final Notice, the Court explicitly warned Plaintiff that, if she failed to respond by February 4, 2025, "the Court will issue an order dismissing this case without prejudice for lack of prosecution without further notice." *Id.*

To date, Plaintiff has not responded to the Court's Order to Show Cause regarding the failure to file an opening brief in any manner, nor sought an extension of time from the Court to do so. Plaintiff never filed anything by the November 20, 2024 deadline. Plaintiff never filed

2

anything in response to the December 20, 2024 Order to Show Cause.  Plaintiff never filed anything in response to the January 27, 2025 Final Notice.  The deadline to respond set by the Final Notice (February 4, 2025) has come and gone by at least one week, with no communication from Plaintiff at all.  The Final Notice response deadline has lapsed.  The Court has not received any communications from Plaintiff in over five months.

## ANALYSIS

Based on Plaintiff's failure to file an opening brief, failure to respond in any way to the Order to Show Cause, and failure to respond in any way to the Final Notice, the Court finds that sufficient grounds exist to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff has plainly failed to diligently prosecute this action.

Rule 41(b) allows for the *sua sponte* dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Before imposing dismissal as a sanction, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish*, 191 F.3d at 990).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish*, 191 F.3d at 990).

Here, Plaintiff has failed to comply with this Court's Order to Show Cause (and the Court's Final Notice regarding the Order to Show Cause) and has failed to comply with this Court's previous Order to file an opening brief.  *See* Dkts. 20-22.  The Court finds that an analysis of all the factors, in total, strongly favors the conclusion that this action should be dismissed for failure to prosecute and failure to comply with court orders.

As to the first factor, the public's interest in expeditious resolution of litigation will be

satisfied by dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Relatedly, as to the second factor, the Court's need to manage its docket will be served by dismissing this action. *Id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance by litigants.").

The third factor marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," unreasonable delay creates a presumption of prejudice. *Id.*; *see also In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Notably, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.* Here, Plaintiff has failed to file an opening brief and failed to respond to multiple court orders. *See Collins v. Soc. Sec. Admin.*, No. 19-cv-06873-TSH, 2020 WL 759383, at *2 (N.D. Cal. Feb. 14, 2020) (finding the third factor to weigh in favor of dismissal of a *pro se* plaintiff's social security appeal, where the plaintiff failed to file a motion for summary judgment or remand and failed to respond to the order to show cause). The Commissioner has already entered appearance in this action, and responded to the Complaint almost one year ago by filing the Administrative Record in accordance with Supplemental Rule 3. *See* Dkt. 10. The delay here, however, at best creates a risk of prejudice, as opposed to a situation where such prejudice has been shown to actually exist. There has been no showing of actual prejudice by the Commissioner, for the simple procedural reason that the Commissioner has not been required to file anything responding to or commenting on Plaintiff's failure to prosecute. As noted, the unexcused delay here raises a presumption of prejudice, which Plaintiff has not rebutted for the simple reason that Plaintiff has failed to file anything since August 2024 which would have responded to the presumption. Because there is an unrebutted presumption of prejudice here, therefore, the Court finds that this factor marginally favors dismissal.

The fourth and fifth factors also favor dismissal of this action. By requiring Plaintiff to explain why this case should not be dismissed for lack of prosecution and allowing Plaintiff to

4

satisfy the Order to Show Cause simply by filing an explanation, and then issuing a Final Notice giving Plaintiff additional time to do so, Plaintiff was on ample notice that the failure to adequately respond to the Order to Show Cause could result in the dismissal of this action. [Dkt. 12]. Despite this notice, Plaintiff made no attempt to respond to the Order to Show Cause or the Final Notice, or otherwise show diligence in the prosecution of this case. *Villalobos v. Vilsack*, 601 F. App'x 551, 552 (9th Cir. 2015) (affirming district court's dismissal without prejudice for failure to prosecute after the plaintiff did not respond to order to show cause).

Finally, the Court has considered whether lesser sanctions are appropriate. Here, the Court concludes that dismissal *without* prejudice is appropriate. *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir.1984) ("[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute."). There is no opportunity to resolve the action on its merits or to apply other sanctions (short of dismissal) if the action is simply not being pursued. Realistically, monetary sanctions or other lesser sanctions imposed against a *pro se* litigant do not appear to be either practical or proportionate because, for a *pro se* Plaintiff proceeding *in forma pauperis*, monetary sanctions may be unintentionally or unnecessarily punitive. As the foregoing record shows, Plaintiff has been given numerous warnings and opportunities to explain herself to avoid this outcome. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."). Having considered all the relevant factors and applicable legal standards, the Court finds that the dismissal of this case without prejudice for failure to prosecute is appropriate. *See Dreith*, 648 F.3d at 788.

Accordingly, the Court finds appropriate the "less-drastic" sanction of dismissal without prejudice. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

## CONCLUSION

In light of the foregoing, the Court **ORDERS** that the Order to Show Cause [Dkt. 21] is made **ABSOLUTE**.

As noted, the Parties have consented to Magistrate Judge jurisdiction. Accordingly, and in

light of the discussion above, the Court **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and failure to comply with court directives and orders, including for failure to respond to either the December 20, 2024 Order to Show Cause [Dkt. 21] or the January 27, 2025 Final Notice [Dkt. 22], and for failure to file an opening brief by the November 20, 2024 deadline required by this Court [Dkt. 20]. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").

The Clerk is directed to send a copy of this Order to Plaintiff's address of record.

**IT IS SO ORDERED.**

Dated: February 11, 2025

_____
PETER H. KANG
United States Magistrate Judge